UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN ZEHNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV403 TIA |
| | ) | |
| GE HOMELAND PROTECTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Defendant GE Homeland Protection, Inc.'s Motion to Quash Notice of Deposition (Docket #30). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Rule 30(b)(6) allows a party to notice the deposition of a corporation and to specify the areas of inquiry. Fed. R. Civ. P. 30(b)(6). The named organization is then required to designate one or more representatives to testify as to the areas specified. The notice must specify the areas of inquiry with "reasonable particularity." Id. Further, the persons designated by the organization are required to "testify as to matters known or reasonably available to the organization." Id.

In the instant motion, Defendant GE Homeland Protection, Inc. seeks to quash the December 8, 2008 Notice of Deposition served by Plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure seeking to depose Defendant's corporate representatives on January 8, 2009. The Notice of Deposition identified four topics relating to earlier complaints of injuries, the ejection speed of the luggage from the baggage machine, the warnings on the

baggage machine, and the guards in place on the machine and if no guards in place, the feasability of installing guards.

The Court has reviewed the four topics listed in Plaintiff's notice of deposition and considered the arguments set forth in the pleadings. Having carefully considered the matter, the Court concludes that the Notice of Deposition does not comply with the strictures of the rule inasmuch Plaintiff did not specify the matters on which the witnesses would testify with adequate particularity or relevant time period. The undersigned finds that the parties should not proceed with the Rule 30(b)(6) deposition(s) without resolving Defendant's objections to the noticed topics regarding the relevant time period, and the guards located on or around the baggage screening machine prior or subsequent to the accident at issue. Furthermore, based on the representations of counsel, such depositions will be taken telephonically on a mutually agreeable date, time, and location. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Quash Notice of Deposition (Docket #30) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a Notice of Deposition pursuant to Rule 30(b)(6) in accordance with this Memorandum and Order.

Dated this  30th   day of January 2009.

                                                  /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE