UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN ZEHNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV403 TIA |
| | ) | |
| GE HOMELAND PROTECTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on David C. Knieriem's Motion to Withdraw. (Docket No. 37). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On February 5, 2008, Plaintiff Dawn Zehner filed a petition in the Circuit Court of St. Louis County against Defendant GE Homeland Protection, Inc. ("GE Homeland"), alleging products liability, negligent design, and negligent service. Plaintiff alleges that she was injured when baggage ejected from a CTX baggage x-ray machine at Lambert St. Louis Airport struck her, causing damages to her arm and shoulder. Defendant filed a Notice of Removal with this Court on March 24, 2008.

On February 6, 2009, one month before the extended ADR deadline, Plaintiff's attorney filed a Motion to Withdraw as Attorney citing a "conflict" with his client. In support, counsel represents that he communicated with his client his intent to file the instant motion, and his client did not object. Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client.

This Court has adopted the Rules of Professional conduct adopted by the Supreme Court of Missouri, as amended by that Court. E.D. Mo. Local Rule 12.02. According to the Missouri Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can

be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Missouri Rules of Professional Conduct 4-1.16(b). The comments for this rule state, "A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyers's services," Id., Comment 4, and "A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Id., Comment 8. Nonetheless, "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Mo. R. Prof. Conduct 4-1.16(c).

As directed by the Court, Plaintiff's counsel filed a pleading under seal specifying the nature of the conflict with Plaintiff. After reviewing the record and the reasons for withdrawal noted by counsel, the Court concludes that there is good cause to grant the pending motion to withdraw necessitated by a conflict of interest.

The Court reminds Plaintiff of the following important deadlines: Under the Case Management Order, ADR referral is to be completed by March 16, 2009, experts are to be disclosed by Plaintiff by March 31, 2009, and available for deposition no later than April 30, 2009, discovery to be completed by June 1, 2009, and the case is set for trial on October 19, 2009. Failure to comply with such deadlines may result in the instant action being dismissed for failure to prosecute. See Garland v. Peebles, 1 F.3d 683, (8th Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that David C. Knieriem's Motion to Withdraw. (Docket No. 37) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff has until March 11, 2009, to employ new counsel. The Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff's counsel and counsel will forward the same to Plaintiff. If Plaintiff elects to proceed pro se, Plaintiff shall submit in writing to the Court her election no later than March 11, 2009. Failure to comply with this Order may result in the action being dismissed for failure to prosecute.

                                              /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of February, 2009.