UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN ZEHNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08CV403 TIA |
| GE HOMELAND PROTECTION, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court sua sponte.

In the Order of February 26, 2009, the Court granted David Knieriem's Motion to Withdraw necessitated by a conflict of interest. In that Order, the Court reminded Plaintiff of the following important deadlines: completion of ADR by March 16, 2009, and disclosure of experts by Plaintiff by March 31, 2009. Further, the Court forewarned Plaintiff that "[f]ailure to comply with such deadlines may result in the instant action being dismissed for failure to prosecute." Further, the Court ordered Plaintiff to employ new counsel or elect to proceed pro se and notify the Court of her decision no later than March 11, 2009. Once again, the Court apprised Plaintiff that "[f]ailure to comply with this Order may result in the action being dismissed for failure to prosecute."

Plaintiff Dawn Zehner has taken no affirmative steps to advance her claims or to comply with the Court's Order of February 26, 2009. In that Order, the Court apprised Plaintiff that her failure to comply may result in dismissal of her claims under the provisions of Rule 41(b) of the Federal Rules of Civil Procedure. Despite that warning, Plaintiff has not responded or otherwise complied

with the directive of the Order.[1] The Court has power to dismiss an action for failure of the plaintiff to comply with a court order. Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, and may be exercised under the court's inherent power to control its docket, and to protect the integrity of its orders. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962); Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).

A review of the record shows that Plaintiff's former counsel attempted to forward a copy of the February 26, 2009 Order sending the copy certified, return receipt requested to Plaintiff's last known address, but the copy of the Order was returned marked "unclaimed." On March 12, 2009, the Court mailed a copy of the February 26, 2009 Order to Plaintiff to the same address and, to date, the correspondence has not been returned to the Court as undeliverable. Accordingly, the Court will assume that Plaintiff's current address is as follows: 1613 Meyer Drive, St. Charles, MO 63303.[2] Plaintiff has ignored an Order of the Court and has done nothing to prosecute her claims. Moreover, Plaintiff has offered no explanation for these failures. Accordingly,

---

[1]The Court notes that on March 13, 2009, the undersigned granted Defendant's Motion to Stay all Deadlines in Case Management Order until the undersigned had the opportunity to resolve the issue of Plaintiff's failure to comply with the February 26, 2009 Order.

[2]Local Rule 2.06(B) provides:

Every pro se party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address. If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

In this case, no mail addressed to Plaintiff has been returned to the Court as undeliverable although the Court used the same address as Plaintiff's former counsel.

**IT IS HEREBY ORDERED** that Plaintiff's claims will be dismissed for failure to prosecute and to comply with the February 26, 2009 Order of the Court pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of April, 2009.